IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 10-cv-00504-CMA-KMT

LANSE JUDSON,
MELANIE WESEMAN,
WESEMAN TEAM, INC., and
POINTS OF VIEW LLC,

    Plaintiffs,

v.

ADAM BLACK, and
ROBERT BLACK,

    Defendants.

---

ORDER DENYING DEFENDANT ADAM BLACK'S MOTION FOR ATTORNEY FEES, COSTS AND MONETARY DAMAGES (DOC. # 20) AND MOTION TO CLARIFY BANKRUPTCY ORDER (DOC. # 13) AND RE-IMPOSING BANKRUPTCY-RELATED STAY

---

This matter is before the Court on *pro se* Defendant, Adam Black's Request for Attorney Fees, Costs and Monetary Damages for Emotional Harm Directly Caused by Plaintiffs Falsely Informing the Court Regarding the Defendant's Status in Bankruptcy (the "Motion for Attorneys' Fees") (Doc. # 20) and Defendant, Adam Black's Request for Clairification [sic] Regarding Bankruptcy Order (Doc. # 13). For the following reasons, Defendant Black's Motion for Attorneys' Fees is denied and his Motion to Clarify Bankruptcy Order is denied to the extent he seeks a modification of the bankruptcy court's order and granted to the extent he seeks clarification of his status in the above-captioned case over which this Court retains jurisdiction. Also, for reasons discussed

below, the Court re-imposes the bankruptcy-related stay of the above-captioned proceedings against Defendant Adam Black.

I.      **BACKGROUND**

This matter arises out of a series of real estate transactions in which Defendants Adam Black and Robert Black allegedly embezzled funds and engaged in other fraudulent conduct. Plaintiffs, by and through their companies, engaged in various property-related acquisitions with Defendants. On March 3, 2010, Plaintiffs filed a Complaint against Defendants, asserting claims for equity skimming, pursuant to 12 U.S.C. § 1709-2; civil conspiracy to engage in theft, forgery, and fraud; breaches of contracts for the sale, purchase and financing of real property; breach of contract as third party beneficiaries; and misrepresentation and fraud. (Doc. # 1.)

On April 15, 2010, Defendant Adam Black filed an Answer in which he noted that he filed Chapter 7 bankruptcy in the United States Bankruptcy Court of Eastern District of Texas, on February 24, 2010 (Bankruptcy Case No. 10-40572). (Doc. # 5.) Pursuant to Defendant Black's declaration of bankruptcy, Magistrate Judge Kathleen M. Tafoya[1] issued an Order staying all proceedings against Defendant Adam Black unless and until relief from the automatic stay in the Bankruptcy Case No. 10-40572 was obtained. (Doc. # 7.) Magistrate Judge Tafoya also directed Plaintiffs to file a status report within ten days of any relief from stay in the bankruptcy case. (*Id.* at 2). Accordingly, Plaintiffs submitted a Status Report on June 3, 2010, in which Plaintiffs represented that

---

[1] Pursuant to an Order of Reference dated March 17, 2010, this matter was referred to Magistrate Judge Tafoya for the handling of all non-dispositive proceedings in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b). (Doc. # 2.)

Defendant Adam Black received a bankruptcy discharge on May 19, 2010, and the bankruptcy case was terminated on May 27, 2010. (Doc. # 10.) Plaintiffs further represented that their claims against Defendant Adam Black in the instant action were not discharged in the bankruptcy and requested that their claims against him proceed. (*Id.*)

On June 4, 2010, pursuant to Plaintiffs' Status Report, Magistrate Judge Tafoya lifted the bankruptcy stay and directed that the action against Defendant Adam Black shall proceed. (Doc. # 11.)

On June 7, 2010, Adam Black filed a Request for Clarification regarding Magistrate Judge Tafoya's June 4, 2010 Order. (Doc. # 13.) In pertinent part, Defendant Black contends that Magistrate Judge Tafoya relied on false information provided in Plaintiffs' Status Report, namely Plaintiffs' contention that their claims against Defendant Black in the instant action were not discharged in the bankruptcy. (*Id.* at 2). Defendant Black asks the Court to "clarify his status as a Defendant in this case." (Doc. # 13.)

On June 24, 2010, the undersigned issued an Order to Show Cause, *sua sponte*. (Doc. # 15.) On the Court's review of the docket in Adam Black's bankruptcy case, the Court discovered that the May 19, 2010 bankruptcy discharge appears to encompass all creditors listed on Adam Black's bankruptcy schedules, which list was previously amended to include the Plaintiffs in the above-captioned action. Thus, this Court determined that the bankruptcy discharge relieves Defendant Adam Black from any further liability on these claims and serves as a permanent injunction against any action to collect on the discharged obligations, pursuant to 11 U.S.C. § 524(a). (*Id.* at 2). The

Court directed Plaintiffs to show cause as to why the claims against Defendant Adam Black should not be dismissed. (*Id.*)

On July 7, 2010, Plaintiffs responded to the Order to Show Cause and to Defendant Adam Black's Request for Clarification. (Doc. # 19.) Plaintiffs take issue with the bankruptcy court's discharge of Adam Black on three grounds and state their intention to file motions to revoke the bankruptcy discharge and reopen the bankruptcy case, among other motions. (Doc. # 19 at 2-5.)

First, Plaintiffs contend that the bankruptcy court erred in granting the bankruptcy discharge pursuant to 11 U.S.C. § 727, in light of Plaintiffs' allegations of Adam Black's fraud, embezzlement, and false statements in connection with the real estate-related transactions underlying the instant litigation and through which Plaintiffs became Defendant Black's creditors. (*Id.* at 2-3). In support, Plaintiffs cite to 11 U.S.C. § 523(a).

As set forth in 11 U.S.C. §§ 523(a)(2), (4), and (6) a discharge under section 727 **does not discharge** an individual debtor from any debt "for money, property, services, or an extension, renewal, or refinancing of credit" that was obtained fraudulently or through false statements or representations; for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; or for willful and malicious injury by the debtor to another entity or to the property of another entity. Accordingly, Plaintiffs assert that their claims fall within one of these exceptions to discharge.

Second, Plaintiffs object to the discharge because they contend that they were not listed as creditors in Defendant Black's bankruptcy in sufficient time to permit their objection to discharge or their timely request for a determination of dischargeability, in

4

accordance with 11 U.S.C. § 523(a)(3)(B). (*Id.* at 3). Plaintiffs also contend that they were not given timely notice of the bankruptcy as required under 11 U.S.C. § 342.

Finally, Plaintiffs assert that Defendant Black failed to disclose various assets of the bankruptcy estate. (*Id.* at 4).

While this Court has no jurisdiction to allow these claims to proceed against Adam Black, in light of Plaintiffs' stated intention to seek reconsideration of, or appeal, the Bankruptcy Court's discharge of Defendant Adam Black, this Court does have jurisdiction to stay the above-captioned proceedings until the Plaintiffs have had their objections to discharge ruled upon by the Bankruptcy Court.

In light of the Court's stay of the above-captioned proceedings, Adam Black's Motion for Attorney Fees (Doc. # 20), which includes a request for "costs and monetary damages for emotional harm directly caused by [Plaintiffs' attorney's] intentional false statement to the Court" regarding the status of the claims in this action as they relate to the instant proceeding is DENIED.

Further, Adam Black's Motion to Clarify Bankruptcy Order (Doc. #13) is DENIED to the extent he seeks a modification of any order issued by the Bankruptcy Court and GRANTED to the extent he seeks this Court's clarification of the status of the above-captioned proceeding.

Accordingly, IT IS ORDERED THAT:

(1) Defendant Adam Black's Request for Attorney Fees, Costs and Monetary Damages for Emotional Harm Directly Caused by Plaintiffs Falsely Informing the Court Regarding the Defendant's Status in Bankruptcy (Doc. # 20) is DENIED;

(2) Defendant Adam Black's Request for Clairification [sic] Regarding Bankruptcy Order (Doc. # 13) is DENIED, in part, to the extent he seeks

5

clarification of any Bankruptcy Court order and GRANTED, in part, to the extent he seeks clarification of the status of the above-captioned proceedings;

(3) The above-captioned proceedings against Defendant Adam Black are STAYED until the Bankruptcy Court's discharge decision has been fully reconsidered and appealed;

(4) Within 90 days of this Order, Plaintiffs shall file a notice with this Court demonstrating that they have filed appropriate pleadings with the Bankruptcy Court seeking to vacate Defendant Adam Black's discharge of his obligations to Plaintiffs;

(5) Plaintiffs shall file a status report in this case within ten days of the full reconsideration and appeal of the Bankruptcy Court's discharge decision;

and

(6) Plaintiffs may proceed to prosecute their claims against Defendant Robert Black.

DATED: July   20  , 2010

BY THE COURT:

*/s/ Christine M. Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge