IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv-00504-CMA-KMT

LANSE JUDSON,
MELANIE WESEMAN,
WESEMAN TEAM, INC., and
POINTS OF VIEW LLC,

    Plaintiffs,

v.

ADAM BLACK, and
ROBERT BLACK,

    Defendants.

---

**ORDER GRANTING PLAINTIFFS' VOLUNTARY MOTION TO DISMISS CLAIMS
AGAINST DEFENDANT ROBERT BLACK**

---

This matter is before the Court on Plaintiffs' Voluntary Motion to Dismiss Claims Against Defendant Robert Black.  (Doc. #59).  For the following reasons, Plaintiffs' Motion is granted, the claims will be dismissed without prejudice, and Defendant Robert Black is entitled to an award for fees and costs in connection with the previously dismissed equity skimming claims, but not with the at-issue state law claims.

**I.    BACKGROUND**

A four-day jury trial was set to commence in this matter on August 1, 2011.  On July 27, 2011, after reviewing the parties' submitted jury instructions and the claims at issue, the Court directed briefing on whether a private right of action exists for alleged violations of 12 U.S.C. § 1709-2, which is the basis for Plaintiffs' first claim of relief for

equity skimming ("July 27 Minute Order"). Additionally, the Court directed the parties to address the extent to which the jurisdictional amount of more than $75,000 is met in connection with Plaintiffs' state law claims, in the event that no private right of action existed for alleged equity skimming violations. (Doc. #48). The parties promptly filed responses to the Court's July 27, 2011 Order (Doc. ## 49, 52), and the Court held a telephone status conference on July 29, 2011, to discuss the viability of Plaintiffs' equity skimming claim and whether diversity jurisdiction exists. (Doc. #55).

During the telephone status conference, the Court held that no private right of action exists under 12 U.S.C. § 1709-2 for alleged equity skimming. In support, the Court noted that, in conducting its own research on the issue, all cases that addressed the substance of alleged violations of § 1709-2 concerned criminal conduct. Additionally, the Court adopted the Southern District of Ohio's reasoning in *Smith v. United States*, No. 08-cv-408, 2009 U.S. Dist. LEXIS 18624, at *9 (S.D. Ohio Mar. 5, 2009) (unpublished), where the court held that claims for equity skimming concern criminal conduct and "are not cognizable civil claims." (*See* Rough Transcript of 7/29/11 Telephone Conference at 13:43:24-13:44:14).

Even if a private right of action existed, the Court noted further deficiencies in Plaintiffs' equity skimming claim. Specifically, an actionable equity skimming claim has three components:

    (1)    with an intent to defraud, willfully engaging in a pattern or practice of purchasing one-to-four-family dwellings which are subject to a loan in

>    default at time of purchase or in default within one year subsequent to purchase and the loan is secured by a mortgage or deed of trust insured or held by the Secretary of Housing and Urban Development or guaranteed by the Department of Veterans Affairs, or the loan is made by the Department of Veterans Affairs;
>
> (2)   failing to make payments under the mortgage or deed of trust as the payments become due, regardless of whether the purchaser is obligated on the loan; and
>
> (3)   applying or authorizing the application of rents from such dwellings for personal use.

However, despite these three components, the Court noted that Plaintiffs' complaint, at best, contains allegations related to the second component, namely the failure to make payments. (Rough Transcript at 13:44:18-13:44:56). In light of the deficiencies in Plaintiffs' allegations and, more importantly, the lack of a private right of action for alleged equity skimming, the Court dismissed Plaintiffs' first claim of relief. (*Id.* at 13:45:02-13:45:08).

Next, the Court addressed whether the jurisdictional amount of more than $75,000 was at issue for purposes of diversity jurisdiction. Although the Court expressed doubt as to whether, based on Plaintiffs' allegations, the jurisdictional threshold was met, the Court accepted Plaintiffs' representations as true and stated that it would exercise diversity jurisdiction. (*Id.* at 13:45:12-13:46:02). However, the Court

warned Plaintiffs' counsel that it would consider sanctions if the lack of the jurisdictional threshold becomes apparent at trial. (*Id.* at 13:46:02-13:46:10).

As a result of the Court's warning and after consulting with her clients, Plaintiffs' counsel filed a Notice of Withdrawal of Claims Against Defendant Robert Black. (Doc. #56). However, because Plaintiffs sought to withdraw their remaining state law claims on the eve of trial and, thus, Plaintiffs' Notice failed to comport with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(i), the Court directed Plaintiffs to file a "Stipulated Motion to Dismiss Claims Against Defendant Robert Black."

Although the Court directed the parties to file a stipulated motion to dismiss, on August 1, 2011, Plaintiffs filed a Voluntary Motion to Dismiss Claims Against Defendant Robert Black. (Doc. #59). Plaintiffs filed this Motion in light of defense counsel's unwillingness to stipulate to dismissal without prejudice and without a $45,000 award of fees plus costs and Plaintiffs' assurances that they will abandon further attempts to set aside a bankruptcy discharge entered for Defendant Adam Black in the United States Bankruptcy Court for the Eastern District of Texas. In the Voluntary Motion to Dismiss, Plaintiffs oppose Defendant Black's demand for attorney's fees and costs because "Defendant has demonstrated a lack of diligence in defending the claims brought against Defendant Robert Black." (*Id.* at 3). Specifically, Plaintiffs assert that Defendant Black would not have incurred extensive fees and costs for what he believed to be meritless claims had he filed a motion to dismiss or a motion for summary judgment. (*Id.*) Additionally, Plaintiffs object to the requested amount because

4

"Defendant conducted very little discovery and took no depositions." (*Id.*) Finally, Plaintiffs contend that any prejudice to Defendant as a result of this late dismissal was "self-created," due to Defendant's failure to defend diligently. (*Id.* at 4).

On August 2, 2011, Defendant Black filed a very bare-bones response, which in its seventeen lines of text failed to address the substance of Plaintiffs' four-page Motion. (Doc. #60). Of greatest substance is Defendant Black's "request[ ] that this case be dismissed with prejudice," with reservation of his "right to seek the award of reasonable attorney's fees and costs," pursuant to Fed. R. Civ. P. 54(d)(1) and (2). (*Id.* at 2).

## II.   ANALYSIS

Pursuant to Fed. R. Civ. P. 41(a)(2), where a plaintiff requests dismissal of an action after service of either an answer or a motion for summary judgment and without the defendant's stipulation, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Further, the default for dismissals under Rule 41(a)(2) is dismissal without prejudice "[u]nless the order states otherwise[.]"

Pursuant to Fed. R. Civ. P. 54(d)(1), an award of costs, not including attorneys' fees, "should be allowed to the prevailing party." Further, pursuant to Fed. R. Civ. P. 54(d)(2), a motion for attorneys' fees should, in pertinent part, be filed "no later than 14 days after the entry of judgment" and "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." Finally, pursuant to 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and

vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

In the instant case, rather than articulating substantive reasons for opposing Plaintiffs' Motion to withdraw voluntarily the remaining state law claims, Defendant relies on a July 30, 2011 demand letter his attorney submitted to Plaintiffs' counsel and which letter contains much vitriol, puffery, postering, and, once again, little substance concerning the Motion before the Court. (Doc. #60-1). Further, defense counsel fails to substantiate her demand for $45,000 in fees, plus to-be-determined costs, despite the fact that the motion practice in this case was wanting. Although Defendant now vigorously asserts that Plaintiffs' claims against him are frivolous and meritless, at no time did he deem the claims sufficiently frivolous and meritless to warrant dispositive motions. To the extent that defense counsel has billed $45,000 in fees in connection with her representation of Robert Black in this case before this Court, the Court finds that the fees incurred are the result of defense counsel's strategy to assert something other than a substantive and vigorous defense. In other words, it is defense counsel's chosen strategy that resulted in what may be her client's excess costs, expenses, and fees.

Because the allegations in the Complaint fail to establish with certainty the basis for the Court's exercise of diversity jurisdiction over Plaintiffs' state law claims, the Court finds that dismissal <u>without</u> prejudice of the state law claims against Defendant Robert Black is warranted. Further, because the Court is presently dismissing without

prejudice the state law claims for lack of jurisdiction, the Court is not inclined to award fees and costs in connection with those claims.

However, as previously noted, the Court did dismiss with prejudice Plaintiffs' equity skimming claim due to the lack of an available private right of action under the statute, 12 U.S.C. § 1709-2. Accordingly, the Court will allow Defendant to file a motion for an award of costs and attorneys' fees in connection with the equity skimming claim. Although the Court is inclined to award costs and fees, the Court is not inclined to award all fees incurred in defense of the equity skimming claim given that a more proactive defense would likely have resulted in a much earlier dismissal of this action.

Accordingly, IT IS ORDERED THAT:

(1) Plaintiffs' Voluntary Motion to Dismiss Claims Against Defendant Robert Black (Doc. #59) is GRANTED;

(2) Plaintiffs' remaining state law claims against Robert Black for civil conspiracy (Claim 2), breach of contract (Claim 3), breach of contract - third party beneficiaries (Claim 4), and misrepresentation and fraud (Claim 5) are DISMISSED WITHOUT PREJUDICE and Robert Black is DISMISSED from this action;

(3) Defendant Robert Black is allowed to file a motion for costs and **reasonable** attorneys' fees incurred in connection with Plaintiffs' equity skimming claim (Claim 1), which claim the Court previously dismissed with prejudice; and

 

(4)   Defendant Robert Black's motion for costs and attorneys' fees shall comply with D.C.COLO.LCivR 54.3 in all respects and shall be filed **by no later than 5 p.m. on Monday, August 22, 2011**.  Plaintiff shall have two weeks to respond or object to such request.

DATED: August 9, 2011.

BY THE COURT:

*/s/ Christine M. Arguello*

CHRISTINE M. ARGUELLO
United States District Judge