**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-00504-CMA-KMT

LANSE JUDSON,
MELANIE WESEMAN,
WESEMAN TEAM, INC., and
POINTS OF VIEW LLC,

      Plaintiffs,

v.

ADAM BLACK,

      Defendant.

---

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

---

      This matter is before the Court on Defendant Adam Black's Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c).  (Doc. # 82.)  The Plaintiffs have filed their Response (Doc. # 92), and Mr. Black has filed his Reply (Doc. # 97).  For the reasons stated below, this Court grants the Defendant's motion as to all claims.  If the Plaintiffs do not file an amended complaint within twenty-one days of the date of this order, this case shall be closed.

## I.      <u>BACKGROUND</u>

      Plaintiffs originally brought this action against both Robert Black and Adam Black.  Robert Black is Adam Black's father.  The events giving rise to this complaint

relate to real estate transactions between the Plaintiffs, the Blacks, and companies both parties owned separately or co-owned with third parties.

The complaint originally advanced five claims against the Blacks.  However, this Court dismissed the first of these claims, related to allegations that the defendants engaged in equity skimming.  (Doc. # 55).  Further, Plaintiffs have withdrawn all of their claims against Robert Black (Doc. ## 56, 61.).

What remains are claims two through five of the original complaint, and, in light of the motion to withdraw, they now only apply to Adam Black.  In particular, Plaintiffs allege that Adam Black: (1) engaged in some sort of civil conspiracy as defined by Colorado law and that as a result the plaintiffs suffered damages (Second Claim); (2) breached a number of contracts with Plaintiffs between 2006 and 2008 (Third Claim); (3) breached contracts for which Plaintiffs were third-party beneficiaries (Fourth Claim); and (4) entered into real estate transactions with Plaintiffs that were based on fraud and misrepresentations (Fifth Claim).

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  "The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)

(quoting and citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal

quotation marks and citations omitted; alterations incorporated)).

Further, "only a complaint that states a plausible claim for relief survives a motion

to dismiss.  Determining whether a complaint states a plausible claim for relief will . . .

be a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense.  But where the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged—

but it has not shown—that the pleader is entitled to relief."  *Id.* at 679 (internal citations

and quotation marks omitted; alterations incorporated).  Thus, the burden is on the

Plaintiffs to "nudge [their] claims across the line from conceivable to plausible."

*Twombly*, 550 U.S. at 570.

The purpose of this pleading requirement is two-fold: "to ensure that a defendant

is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate

defense, and to avoid ginning up the costly machinery associated with our civil

discovery regime on the basis of a largely groundless claim."  *Kansas Penn Gaming,*

*LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (internal quotation marks and

citations omitted).

### III.   DISCUSSION

This complaint presents exactly the type of "the-defendant-unlawfully-harmed-me

accusation[s]" warned against in *Iqbal.*  Each of the pleadings provides nothing more

than a "formulaic recitation of the elements of a cause of action" that is supported by

nothing more than "naked assertions devoid of further factual enhancement."  *Iqbal*, 556

U.S. at 677-78.  For example, in the Second Claim, related to the civil conspiracy allegation, Plaintiffs do nothing more than cite the elements of this cause of action in one paragraph before broadly listing in a second paragraph a number of crimes that Adam Black has allegedly committed.  The crimes alleged range from forgery to making fraudulent statements to HUD, to criminal impersonation, to defrauding secured creditors.  Yet there is no explanation of how Black has committed any of these crimes, when he did so, or how the defendants suffered as a result of these criminal acts.  This is plainly insufficient factual development under the standard announced in *Iqbal*.

The same deficiencies are present in the contract claims.  For example, the Plaintiffs broadly allege that "[b]etween 2006 and 2008 Plaintiffs entered into contracts with [Mr. Black]  for the sale, purchase, and financing of real property,"  (Doc. # 1 at 8.) but they fail to specify when exactly the contracts were agreed upon, what duties they imposed on the parties, or how they were breached.  The Plaintiffs are similarly vague on the third-party contract beneficiary claim: based on the allegations of the Complaint, this Court infers that Mr. Black had business dealings with third parties that had dealings with the Plaintiffs, but outside of that, this Court has no idea how Mr. Black breached these agreements, which specific agreements he breached, when he did so, or again how this breach caused the Plaintiffs damages.[1]

---

[1]  Plaintiffs cite a number of authorities in which courts have held that it is inappropriate to grant summary judgment or a motion to dismiss based on an ambiguous contract term.  These cases are inapposite here and in fact serve to highlight the deficiency in Plaintiffs' complaint.  In those cases, the plaintiff actually *identified a contract* and *specific contractual language* that the plaintiff alleged had been breached.  Further, in those cases, although language in the contract was ambiguous enough that it could be interpreted in a light favorable to either the plaintiff or the defendant, the plaintiffs had plainly identified the contract that was the subject of the dispute.  *See Test Servs., Inc. v. Princeton Review, Inc.*, No. 05-CV-01674-MSK-CBS, 2005 WL 3211594

The fraud claim is similarly deficient.  In pertinent part, it alleges "Defendant[] entered into contracts for sale and purchase of real estate by misrepresenting [his] intention regarding those real estate transactions and by using a scheme of skimming the profits from those properties and using them for [his] own personal use."  (Doc. # 1 at 9.)  Based on its review of this allegation, this Court is at a loss as to how the misrepresentation in this case was accomplished, what real estate in particular was the target of the fraud, and how any of the Plaintiffs were involved or harmed by these actions.

The complaint, as currently pleaded, does not serve the twin goals of the heightened pleading requirements outlined in *Iqbal*.  First, Adam Black is not on notice about his specific instances of alleged misconduct and cannot prepare a defense.  Second, to allow Plaintiffs access to discovery on such broad and vague allegations would unnecessarily start the "costly machinery associated with our civil discovery regime on the basis of . . . largely groundless claim[s]."  *Kansas Penn Gaming*, 656 F.3d

---

(D. Colo. Nov. 29, 2005) (examining the terms of a specific franchise agreement); *Dawson v. Gen. Motors Corp.*, 977 F.2d 369, 373 (7th Cir. 1992) (examining a specific series of letters between two car manufacturing companies to determine if a contract had been formed).  In contrast, here, the Plaintiffs have failed to identify even the relevant year in which a contract was signed or breached, let alone specific language from a contract that could be interpreted as ambiguous.

at 1214.[2]  In sum, then, as currently pleaded, the complaint does not allege any claim

upon which relief can be granted.[3]

## IV.    CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant's Motion for Judgment

on the Pleadings (Doc. # 82) is GRANTED as to all of the Plaintiffs' remaining claims.

Defendant's Motion for Summary Judgment  (Doc. # 83) and Motion for Extension of

Time (Doc. # 96) are DENIED AS MOOT.  If the Plaintiffs do not file an amended

complaint within twenty-one days of the date of this order, this case shall be dismissed.[4]

---

[2] The Plaintiffs suggest that "[i]f the complaint is as unclear as Defendant argues, Defendant would have requested discovery." (Doc. # 92 at 11.)  This position misinterprets the above-mentioned second goal identified by *Kansas Penn Gaming*,  and in any case Plaintiffs cite no authority for the proposition that *Defendants* should be required to use our costly civil discovery regime to cure a deficiency in a complaint.

[3]  In an attempt to cure some of the deficiencies in their complaint, Plaintiffs supply further factual development related to certain claims in their Response.  (Doc. # 92).  "It is well-established, however, that in determining whether to grant a motion to dismiss, the district court . . . [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint."  *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995).  While the Tenth Circuit has since identified some limited exceptions to this general rule, *see, e.g.*, *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997), they do not apply here.

[4]  A motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure must be made before the defendants file their answer.  However, the Court has the discretion to consider a 12(b)(6) motion after the answer has been filed, and it does so here, in order to address the deficiencies in the complaint.  *See* 5C Charles Alan Wright, et al., Fed. Prac. & Proc. Civ. § 1361 (3d ed. Apr. 2013 update).  Further, "[i]f the defendant makes the motion [to dismiss] after filing [his] answer, the motion should generally be treated as a motion for judgment on the pleadings."  *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002) (citing Fed. R. Civ. P. 12(b)(6)).  The standard for a motion for judgment on the pleadings is the same as for a motion to dismiss.  *Id.*  At the same time, while a court often dismisses motions for judgment on the pleadings *with prejudice*, this Court does not do so here: Defendant does not get such a benefit merely because he decided to file an answer *before* he filed his motion to dismiss.  To hold otherwise would create a perverse incentive for defendants and would lead to the filing of unnecessary pleadings.  Thus, the remaining four claims here are dismissed *without prejudice*, pending possible amendment from Plaintiffs.

IT IS FURTHER ORDERED that the Final Trial Preparation Conference, set for April 11, 2014, and the four-day Jury Trial, set to commence April 21, 2014, are hereby VACATED, and any outstanding motions are DENIED AS MOOT.

DATED:  November 27, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge